IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-26-18-D |
| ) | |
| DARTAGNON EVERETTDEAN ) | |
| BURNS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Jury Trial [Doc. No. 22]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendant was charged in a three-count Indictment [Doc. No. 18] with attempted coercion and enticement, in violation of 18 U.S.C. § 2422(a) (Count 1); distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count 2); and possession of and access with intent to view material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). Defendant appeared for arraignment before United States Magistrate Judge Amanda L. Maxfield on January 21, 2026, and entered a plea of not guilty. The case was set on the Court's March 10, 2026 jury trial docket [Doc. No. 20].

On February 11, 2026, Defendant filed the instant motion to continue the jury trial to the May 12, 2026 trial docket [Doc. No. 22]. Defense counsel represents that he needs additional time to consult with Defendant, review discovery, investigate relevant facts of

the case, and explore a possible resolution of this matter. The government is not opposed to a continuance. Defendant has filed a Waiver of Speedy Trial [Doc. No. 22-1].

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Unopposed Motion to Continue Jury Trial [Doc. No. 22] is **GRANTED**. This case is stricken from the March 10, 2026 jury trial docket and is rescheduled on the May 12, 2026 jury trial docket. The parties shall file all pre-trial motions **on or before April 14, 2026**.

3

**IT IS SO ORDERED** this 17th day of February, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

3